UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIR ALHALEMI,<br><br>                                    Plaintiff,<br><br>             -against-<br><br>CITY UNIVERSITY OF NEW YORK,<br><br>                                    Defendant. | 24-CV-06975 (LGS) (RFT)<br><br>**ORDER OF SERVICE** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff, who is appearing pro se, commenced this action on September 10, 2024, under the Americans with Disabilities Act, the Rehabilitation Act, and state law. By order dated September 30, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is able to rely on the Court and the U.S. Marshals Service ("USM") to effect service. *See Walker v. Schult*, 717 F. 3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the USM to serve if the plaintiff is authorized to proceed IFP).

On October 10, 2024, Judge Lorna G. Schofield directed the USM to serve Plaintiff's Summons and Complaint on Defendant City University of New York ("CUNY"). (*See* ECF 8.) On October 18, 2024, the U.S. Marshals Service mailed the Summons and Complaint to CUNY and, on January 17, 2025, the USM served CUNY by personal service. (*See* ECF 29.) In the interim, Plaintiff moved to file an amended complaint ("AC") (ECF 12), which motion was held in abeyance pending an initial pretrial conference (*see* ECF 13).

On January 6, 2025, the parties filed a joint letter and proposed case management plan. (*See* ECF 21.) In that letter, CUNY stated that, pursuant to CPLR § 307, service had not yet been properly effected on the Office of the New York Attorney General ("OAG"). On January 10, 2025, this case was referred to me for general pretrial management (*see* ECF 22), and I held a status conference on January 15, 2025. At that conference, CUNYt's counsel reiterated that, pursuant to CPLR § 307, service had not been properly effected on the OAG. On January 17, 2025, Plaintiff submitted an application requesting an extension of time to properly serve Defendant, stating that he had been unaware that he was required to serve the OAG and that he had relied on the USM to effectively serve CUNY. (*See* ECF 26.) Plaintiff's explanation constitutes good cause to extend the time for service. *See Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") On January 21, 2025, I granted Plaintiff's application for an extension of time to serve Defendant, nunc pro tunc (retroactively), until April 15, 2025. (*See* ECF 28.)

**Accordingly, the Clerk of Court is respectfully directed to complete the U.S. Marshals Service Process Receipt and Return form ("USM-285 form") and deliver all documents necessary for the USM to serve the Office of the New York Attorney General with the Summons (ECF 9) and Complaint (ECF 1). Once service has been effected, no later than April 15, 2025, the Clerk of Court is respectfully directed to file proof of service on the docket.**

DATED: January 28, 2025  
New York, NY

SO ORDERED

_____  
ROBYN F. TARNOFSKY  
UNITED STATES MAGISTRATE JUDGE

2

**SERVICE ADDRESSES FOR OFFICE OF THE NEW YORK ATTORNEY GENERAL**[1]

Managing Attorney's Office
Office of the New York State Attorney General
28 Liberty Street, 16th Floor
New York NY 10005

---

[1] *See Serve Papers on the Office of The New York State Attorney General*, OFFICE OF THE NEW YORK ATTORNEY GENERAL, https://ag.ny.gov/service-oag (last visited January 22, 2025).