UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIR ALHALEMI,<br><br>                                                Plaintiff,<br><br>                -against-<br><br>CITY UNIVERSITY OF NEW YORK,<br><br>                                                Defendant. | 24-CV-06975 (LGS) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

      Defendant's motion to stay discovery pending a decision on its motion to dismiss the amended complaint (ECF 46) is before the Court. (*See* ECF 50.)

      Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the amended complaint (ECF 44), the memorandum in support of the motion to dismiss (ECF 47), the brief supporting the motion for a stay of discovery (ECF 51), Plaintiff's responses to Defendant's motions (ECF 49, ECF 54), and Defendant's reply brief in further support of the motion to dismiss (ECF 52), I conclude that Defendant has not met its burden of showing that there is good cause for the stay.

      The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Plaintiff suggests that discovery would be targeted and limited to questions relating to the accessibility of the platform and the school's knowledge of the platform's limitations; the targeted scope of the anticipated discovery counsels against a stay. *See Richardson,* 2024 WL 2003340, at *1. The

strength of the underlying motion to dismiss counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the amended complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2. Plaintiff suggests there would be prejudice from a stay because the discovery he seeks is relevant to his claims (ECF 54), but if that were sufficient, discovery would never be stayed. Nevertheless, because Defendant has not shown that discovery would be broad, it has not met its burden of showing there is good cause for the stay.

      For the foregoing reasons, Defendant's motion to stay discovery is DENIED. The Clerk of Court is respectfully requested to terminate ECF 50.

DATED:  August 4, 2025
            New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge