UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
BASHIR ALHALEMI,                                    :
                                    Plaintiff,      :
                                                    :          24 Civ. 6975 (LGS)
                  -against-                          :
                                                    :          **OPINION & ORDER**
CITY UNIVERSITY OF NEW YORK,                        :
                                    Defendant.      :
                                                    :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This Opinion & Order addresses the Report and Recommendation, dated November 18, 2025, of Magistrate Judge Robyn F. Tarnofsky (the "Report"). The Report recommends granting the Motion to Dismiss filed by Defendant City University of New York ("CUNY") and granting Plaintiff Bashir Alhalemi leave to amend the complaint. For the reasons below, the Report is adopted as modified.

I.      **BACKGROUND**

Plaintiff, proceeding pro se, commenced this action against Defendant on September 9, 2024. The Amended Complaint, the most recently filed complaint, asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-121635 (Claim I), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Claim II) and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290-301 (Claim III). The Amended Complaint seeks damages and declaratory and injunctive relief.

A.  **Factual Background**

The following facts are taken from the complaints filed in this action and assumed to be true for purposes of the Motion to Dismiss. *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023). Given Plaintiff's pro se status, it is appropriate to consider, as the Report did, allegations in the original Complaint as well as the Amended Complaint. *Viera v. United States*,

No. 24 Civ. 1862, 2024 WL 2219434, at *2 n.1 (S.D.N.Y. May 14, 2024).  For clarity, both complaints together are referred to as the "Complaint."

Plaintiff is a former student of Kingsborough Community College ("Kingsborough"), which Defendant operates.  Plaintiff, who is visually impaired, uses a screen reader to access digital educational content, submit assignments and communicate with instructors and peers.  Plaintiff had registered with Kingsborough's accessibility office.

In or around 2024, CUNY began using Brightspace as a learning management system.  Brightspace is not fully compatible with screen readers, presenting several accessibility barriers to visually impaired users.  Plaintiff encountered significant difficulties in accessing course materials, submitting assignments, participating in discussions and completing coursework due to accessibility issues with Brightspace.  Plaintiff sent an email to college staff to report these accessibility issues, but CUNY failed to take adequate steps to remedy these issues.  Plaintiff ultimately withdrew from CUNY in September 2024, the same month he enrolled, because of Brightspace's inaccessibility.

### B.  The Report

On November 18, 2025, Judge Tarnofsky issued the Report recommending that Defendant's Motion to Dismiss be granted without prejudice to Plaintiff's filing a Second Amended Complaint.

The Report concludes that the Complaint fails to state a violation of the ADA or Rehabilitation Act because the Complaint does not adequately allege that Defendant discriminated against Plaintiff.  Specifically, the Report concludes that the Complaint does not pursue a theory of intentional discrimination or disparate impact, and the Complaint does not allege that Plaintiff requested an accommodation from Defendant.  The Report concludes, in the alternative event that the Complaint does adequately allege that Plaintiff requested an

2

accommodation, the Complaint alleges facts sufficient to state a claim for damages under the ADA and Rehabilitation Act.

The Report also concludes that the Court should decline to exercise supplemental jurisdiction over the NYSHRL claim, or, in the alternative, that the NYSHRL claim should be dismissed because the Complaint did not allege that Plaintiff had timely served a notice of claim on Defendant.  Plaintiff timely filed objections (the "Objections").  The Objections argue that the Report applies an improperly strict pleading standard; the Complaint adequately alleges a request for accommodation; Plaintiff provided a notice of claim to Kingsborough, which suffices to provide a notice of claim to Defendant and dismissal is unnecessary because any pleading defects can be cured through amendment.

## II.    STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).  De novo review means the district judge makes an independent determination of the portions of the Report that were properly objected to and does not defer to the magistrate judge's conclusions.  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."  *Morris v. Local 804, International Brotherhood of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order);[1] *accord Bulgari v. Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580, at *2 (S.D.N.Y. Sep. 30, 2024).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

To the extent the parties do not object to portions of a magistrate judge's report and recommendation, the report is reviewed for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). When reviewing for clear error, the judge asks whether the report contains an obvious mistake. *See M.L. v. Comm'r of Soc. Sec.*, No. 23 Civ. 5143, 2024 WL 404342, at *1 (S.D.N.Y. Feb. 2, 2024). Similarly, where no specific written objection is made, "the district court can adopt the report without making a de novo determination." *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

"[P]ro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). But "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023). Typically, the claims of pro se litigants are dismissed without prejudice once, giving the pro se litigant an opportunity to amend "if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Montgomery v. Holland*, 408 F. Supp. 3d 353, 379 (S.D.N.Y. 2019), *aff'd sub nom. Montgomery v. NBC Television*, 833 F. App'x 361 (2d Cir. 2020).

III.    DISCUSSION

For the reasons below, the Report is adopted as modified, and the Motion to Dismiss is granted in part and denied in part as follows:

4

- All claims for injunctive relief are dismissed because they are moot -- meaning that the injunction requested in the Complaint would not benefit Plaintiff because he no longer attends CUNY. The Court therefore does not have power to grant the injunction. The claims for injunctive relief are dismissed for lack of subject matter jurisdiction.

- The claims for damages and declaratory relief under the ADA and Rehabilitation Act survive. The Report's recommendation to dismiss these claims (Claims I and II) is not adopted because the Complaint adequately alleges that Plaintiff provided Defendant the opportunity to accommodate him. The Motion to Dismiss the federal claims for damages is denied.

- The claim for damages and declaratory relief under the NYSHRL is dismissed. The Report's recommendation to dismiss this claim (Claim III) is adopted as modified. The Motion to Dismiss the NYSHRL claim is granted.

- All other portions of the Report to which no party objected are reviewed for clear error. Finding no clear error on the face of the record, the remainder of the Report is adopted. *See Nambiar*, 158 F.4th at 359.

## A. Motion to Dismiss Legal Standard

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" a dispute. *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial, i.e., based solely on the allegations of the complaint and exhibits attached to it, or fact-based, i.e., based on evidence beyond the pleadings." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022). When considering a facial Rule 12(b)(1) motion, "[t]he task of the district court is to determine whether the Pleading alleges facts

5

that affirmatively and plausibly suggest that" jurisdiction exists. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[T]he district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

On a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider conclusory allegations or legal conclusions couched as factual allegations. *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). A court does not "consider conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

### B. Discussion

#### 1. Subject Matter Jurisdiction

Plaintiff seeks compensatory damages and declaratory and injunctive relief on all claims. The Report concludes that the Court has subject matter jurisdiction over all claims -- that is, that the Complaint requests relief that the Court has power to grant. Defendant did not object to the Report, so this conclusion is reviewed for clear error and is adopted in part. *Nambiar*, 158 F.4th at 359. The Court has subject matter jurisdiction over Plaintiff's claims for declaratory relief and

damages at this stage of proceedings.  However, for the reasons below, the Court does not have the power to grant the injunction Plaintiff seeks.

A federal court has power to grant only relief that will remedy a plaintiff's injuries.  When a plaintiff will no longer benefit from requested relief because of circumstances after the filing of a lawsuit, that request for relief is "moot," and a court does not have power to grant the relief.  *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025) ("[M]ootness doctrine determines what to do if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation after its initiation.").  Mootness is determined on a claim-by-claim basis.  *See Neurological Surgery Prac. of Long Island, PLLC v. U.S. Dep't of Health & Hum. Servs.*, 145 F.4th 212, 224 (2d Cir. 2025).  A court must assure itself that it has jurisdiction to grant the relief a party requests, even if no party challenges the court's jurisdiction to grant specific relief.  *Doe*, 128 F.4th at 384.

The Complaint seeks, among other things, an injunction requiring Defendant to reinstate the previously used learning management system.  The Court does not have power to grant this injunction because Plaintiff is no longer a student at Kingsborough and would not benefit from this injunction.  Although the original Complaint, filed in September 2024, alleged that Plaintiff was continuing to pursue studies at Kingsborough, the Amended Complaint alleges that Plaintiff withdrew from Kingsborough that month.  The Amended Complaint contains no allegations that Plaintiff intends to re-enroll at Kingsborough if the requested injunction is entered.  Consequently, even reading the Complaint allegations in the light most favorable to finding jurisdiction, Plaintiff would not receive "any effectual relief" from an injunction requiring Kingsborough to accommodate visually impaired students.  *Doe*, 128 F.4th at 385.  The claim for injunctive relief is thus moot.

### 2. Federal Claims (Claims I and II)

The Report recommends dismissal of Plaintiff's ADA and Rehabilitation Act claims with leave to amend. For the reasons below, this portion of the Report is not adopted, and the Motion to Dismiss is denied as to the ADA and Rehabilitation Act claims.

Title II of the ADA and Section 504 of the Rehabilitation Act prohibit public entities and federally funded entities from excluding individuals with disabilities from participation in those entities' services, denying benefits of those services to individuals with disabilities or discriminating against individuals with disabilities. *See* 42 U.S.C. § 12132 (ADA); 29 U.S.C. § 794(a) (Rehabilitation Act). "Because the standards imposed by Title II on public entities are generally equivalent to those of § 504, [courts] treat claims under the two statutes identically in most cases." *Tardif v. City of New York*, 991 F.3d 394, 406 n.10 (2d Cir. 2021).

To state a claim under either statute, the ADA or the Rehabilitation Act, a complaint must allege "(1) that [the plaintiff] is a qualified individual with a disability; (2) that [the plaintiff] was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to [the plaintiff's] disability." *Davis v. Shah*, 821 F.3d 231, 259 (2d Cir. 2016); *accord Perry v. Vill. of Hillburn*, No. 23 Civ. 11316, 2026 WL 607808, at *4 (S.D.N.Y. Mar. 4, 2026). "Exclusion or discrimination may take the form of disparate treatment, disparate impact, or failure to make a reasonable accommodation." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016); *accord Jones v. Cnty. of Westchester*, No. 14 Civ. 7635, 2023 WL 6038529, at *7 (S.D.N.Y. Sep. 15, 2023). The Report correctly concludes that the Complaint does not assert a disparate treatment or disparate impact theory, and Plaintiff does not object to the Report in this respect.

The Report recommends dismissal of the Complaint on the basis that it does not plead that

8

Plaintiff requested a reasonable accommodation.  This recommendation is not adopted, and Plaintiff's objection to the recommendation is sustained.  Reading the Complaint liberally and drawing all inferences in favor of Plaintiff as the non-moving party for purposes of the Motion to Dismiss, the Complaint sufficiently alleges facts showing that Plaintiff, in substance, requested a reasonable accommodation.

Under a reasonable accommodation theory, a plaintiff asserts "as a practical matter [having been] denied meaningful access to services, programs or activities to which he or she was legally entitled." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 91 (2d Cir. 2021).  "In the education context, the ADA and the Rehabilitation Act require a covered institution to offer reasonable accommodations for a student's known disability unless the accommodation would impose an undue hardship on the operation of its program, or fundamentally alter the nature of the service, program, or activity." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 186-87 (2d Cir. 2015); *accord Bahl v. N.Y. Inst. of Tech.*, No. 24-1941, 2025 WL 3761459, at *3 (2d Cir. Dec. 30, 2025) (summary order).  "To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them . . . ." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003), *superseded by regulation on other grounds*, 24 C.F.R. § 100.500(c), *as recognized in Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581 (2d Cir. 2016); *accord Hamilton v. Westchester Cnty.*, No. 18 Civ. 8361, 2022 WL 4087956, at *4 (S.D.N.Y. Sep. 6, 2022).

The Report recommends dismissal of Plaintiff's claim without prejudice to Plaintiff's filing a Second Amended Complaint ostensibly because the Complaint's allegations are not sufficiently specific to plead that Plaintiff requested an accommodation.  This recommendation is not adopted.  Reading the Complaint liberally, the Complaint adequately alleges that Plaintiff requested an accommodation.  The Complaint alleges that Plaintiff reported to CUNY officials

that Brightspace posed accessibility issues for students who use screen readers, that Plaintiff registered with the school's accessibility office and that he emailed college staff regarding the accessibility of Brightspace.  These allegations sufficiently plead that Plaintiff provided Defendant "an opportunity to accommodate" him.  *Tsombanidis*, 352 F.3d at 578.

Courts have held similarly specific communications are sufficient to plead a claim under Title II, even if they did not constitute formal requests for accommodation.  For instance, in *Pinckney v. Carroll*, No. 18 Civ. 12198, 2019 WL 6619484 (S.D.N.Y. Dec. 4, 2019), the court held that the complaint sufficiently alleged a request for accommodation where the plaintiff had informed the defendant housing authority that she had suffered a stroke and asked to submit documentation late now that she was no longer hospitalized.  *Id.* at *7.  Similarly, in *Grabin v. Marymount Manhattan Coll.*, No. 12 Civ. 3591, 2014 WL 2592416, at *14 (S.D.N.Y. June 10), *reconsideration denied*, 2014 WL 3639136, at *1 (July 22, 2014), the court held on summary judgment that a reasonable jury could find that the plaintiff had adequately requested a reasonable accommodation based on testimony that she repeatedly "informed a number of administrators of her disability" and requested to make up work she missed as a result of her disability, despite not following the school's formal process for requesting accommodations.  *Id.* at *14; *see id.* at *7.  This persuasive authority counsels against dismissal.

The cases on which the Report relies are District Court decisions, which are not binding on this Court.  In any event, they are sufficiently different that they are not to the contrary to the decision here.  In *Taylor v. Child.'s Vill.*, No. 20 Civ. 10997, 2021 WL 1581568 (S.D.N.Y. Apr. 21, 2021), the court dismissed claims under Title I of the ADA and the Rehabilitation Act for several independent reasons, including that the complaint's allegations that the plaintiff's employer was "made aware of her anemia diagnosis" and that she "requested accommodations and applied to other positions" did not adequately allege that the plaintiff had requested an

accommodation for her anemia. *Id.* at *4. Likewise, in *Fisher v. Valley Stream Cent. High Sch. Dist.*, No. 23 Civ. 3449, 2025 WL 2467046 (E.D.N.Y. Aug. 27, 2025), the court dismissed the plaintiff's ADA claim for failure to allege several elements of the claim, including that the plaintiff did not allege that she "sought a reasonable accommodation." *Id.* at *2. And in *Amato v. McGinty*, No. 17 Civ. 1280, 2019 WL 8064011 (N.D.N.Y. Aug. 7, 2019), two plaintiffs' ADA claims were dismissed where they had alleged "merely . . . in conclusory fashion that defendants knew of [their] disabilit[ies] and need for accommodation." *Id.* at *3. Here, in contrast, the Complaint is more specific and withstands dismissal.

### 3. NYSHRL (Claim III)

The Report recommends dismissal of the NYSHRL claim because the Complaint does not allege that Plaintiff provided timely notice of the claim to Defendant. This recommendation is adopted as modified. Regardless of whether Education Law § 6224(1) requires a plaintiff to serve a notice of claim on a defendant prior to suit, Education Law § 6224(2) requires a plaintiff to serve a demand on a defendant prior to suit. The Complaint does not allege that Plaintiff has done so. Accordingly, the motion to dismiss the NYSHRL claim is granted.

State notice of claim requirements apply to state law claims raised in federal court. *See Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *Schwetz v. Bd. of Coop. Educ. Servs. of Nassau Cnty.*, No. 24-2957, 2026 WL 479634, at *2 (2d Cir. Feb. 20, 2026) (summary order). Education Law § 6224(1) incorporates the notice of claim requirements of General Municipal Law §§ 50-e and 50-i, which apply to tort and wrongful death actions against municipalities. Under those statutes, a notice must state, inter alia, "the nature of the claim" and "the items of damage or injuries claimed to have been sustained so far as then practicable." N.Y. Gen. Mun. L. § 50-e(2); *see id.* § 50-i(1) (incorporating § 50-e by reference). Education Law § 6224(2) states, as relevant here, that "[n]o action or proceeding based on a

cause of action involving a community college of [CUNY] . . . may be prosecuted or maintained unless it shall appear by and as an allegation in the complaint . . . that at least thirty days have elapsed since a demand setting forth the underlying basis for such matter was presented to the city university."

The New York Court of Appeals has not addressed whether Education Law § 6224 applies to claims brought under the NYSHRL against community colleges of CUNY.  In *McKie v. LaGuardia Cmty. Coll./CUNY*, 928 N.Y.S.2d 635 (1st Dep't 2011), the First Department held that, under Education Law § 6224(1), "the requirement of filing a notice of claim within 90 days as a condition precedent to bringing suit against a community college of [CUNY] applies to *all* claims asserted against such community college, not just tort and wrongful death claims."  *Id.* at 635.  The First Department further held that Education Law § 6224(2), which requires a pre-suit demand, applies regardless of any notice of claim requirement.  *Id.* at 635-36.

*Margerum v. City of Buffalo*, 28 N.E.3d 515 (N.Y. 2015), decided after *McKie*, did not address Education Law § 6224(1) but did address the notice provisions it incorporates by reference.  The Court of Appeals held that, under General Municipal Law sections 50-e and 50-i, "a notice of claim need not be filed for a [NYSHRL] claim *against a municipality*," *id.* at 516 (emphasis added), because "[h]uman rights claims are not tort . . . [or] personal injury . . . claims under section 50-i." *Id*. at 519.  The court added that it did not "perceive any reason to encumber the filing of discrimination claims" by requiring a notice of claim.  *Id.*  In the absence of binding authority from the Court of Appeals addressing the applicability of Education Law § 6224 to NYSHRL claims against CUNY community colleges, there are "conflicting decisions among the district courts in the Circuit."  *Rodriguez v. Hostos Cmty. Coll.*, No. 20 Civ. 8143, 2021 WL 4555598, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases and concluding that Education Law § 6224 applies to NYSHRL claims); *see Keles v. Psarelli*, No. 19 Civ. 3323, 2023 WL 5110157

(E.D.N.Y. Aug. 9, 2023) (collecting cases and concluding otherwise).

The Report recommends dismissal of the NYSHRL claim for the Complaint's failure to allege that Plaintiff timely served a notice of claim.  However, the question of whether the *notice* requirement in § 6224(1) applies to NYSHRL actions need not be answered here because the Complaint does not allege that Plaintiff complied with the *demand* requirement in § 6224(2). *Margerum* did not address whether Education Law § 6224(2) applies to claims brought under the NYSHRL.  That case did not involve a claim against a community college of CUNY, nor did the court there interpret Education Law § 6224(2), which explicitly states that "no action or proceeding based on a cause of action involving a" community college of CUNY may be maintained unless there is "an allegation in the complaint" that Plaintiff served a pre-suit demand. Under New York law, a court must "begin with the plain text" of a statute and "construe unambiguous language to give effect to its plain meaning." *James B. Nutter & Co. v. Cnty. of Saratoga*, 209 N.E.3d 1255, 1258 (N.Y. 2023).  By its plain text, Education Law § 6224(2) requires a complaint to allege service of a pre-suit demand in all actions brought against a community college of CUNY, including NYSHRL actions.  *See McKie*, 928 N.Y.S.2d at 635; *Washington v. Borough of Manhattan Cmty. Coll.*, No. 16 Civ. 6168, 2016 WL 7410717, at *1 (S.D.N.Y. Dec. 21, 2016) (New York law).

The Objections argue that Plaintiff provided notice to Kingsborough, which is sufficient to provide notice to Defendant.  This argument addresses the Report but is misplaced here because the Complaint's allegations that Plaintiff reported accessibility issues to Kingsborough do not suffice to allege that Plaintiff served a pre-suit *demand* on Kingsborough or CUNY.  Even construing the Complaint allegations in the light most favorable to Plaintiff, an email reporting accessibility issues with a learning platform does not constitute a demand that would put CUNY "on notice of [Plaintiff's] claim." *McKie*, 928 N.Y.S.2d at 635.

13

It is unnecessary to reach the Report's recommendation that the Court decline to exercise supplemental jurisdiction over the NYSHRL claim because the Court does not dismiss the federal claims.

## IV.    CONCLUSION

For the reasons stated above, the Report is **ADOPTED** as modified.  Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part as follows:  The Complaint's ADA and Rehabilitation Act claims for damages and declaratory relief (Claims I and II) survive.  The Complaint's ADA and Rehabilitation Act claims for injunctive relief (Claims I and II), and NYSHRL claim (Claim III) are dismissed without prejudice to Plaintiff's refiling these claims in state court.

By **April 10, 2026**, Defendant shall answer the Amended Complaint.  Plaintiff does not need to take any additional action until further order of the court (either the undersigned or Judge Tarnofsky.)

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 46 and to mail a copy of this Order to pro se Plaintiff.

Dated: March 27, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

14